**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| ADRIENNE HARDWICK; | : | UNITED STATES DISTRICT COURT |
| JOSHUA WIGGINS | : | DISCTRICT COURT OF NEW JERSEY |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | **ELECTRONICALLY FILED** |
| | : | |
| DIVERSE LOGISTICS AND | : | DOCKET NO: |
| DISTRIBUTION, INC.; AND JOHN DOES | : | |
| 1-5 AND 6-10 | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendants. | : | |

Plaintiff, Adrienne Hardwick and Joshua Wiggins ("Plaintiffs"), residing in the County of Camden, New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This action is brought by Plaintiffs to remedy violations of the fair labor standards act, as amended 29 U.S.C. Sec. 2001, et seq ("FLSA") and the New Jersey Wage and Hour Law ("NJWHLA").

**Jurisdiction and Venue**

Jurisdiction of the court is invoked pursuant to 29 U.S.C. Sec. 216 (b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because Plaintiffs and Defendants are residents of the District of New Jersey, Venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Adrienne Hardwick resides at 500 Chews Landing Road, Apartment 823, Lindenwold, New Jersey, and at all pertinent times herein is employed by defendants.

2. Plaintiff Joshua Wiggins resides at 801 West Park Avenue, Apartment 20A, Lindenwold, New Jersey, and at all pertinent times herein is employed by defendants.

3. Defendant Diverse Logistics and Distribution, Inc. ("Diverse") is a corporation conducting business in the State of New Jersey at 15 Campus Drive, Burlington, New Jersey and is an employer within the meaning of the fair standards act and New Jersey Wage and Hour Law.

4. Diverse is an employer within the meaning of 29 U.S.C. Sec. 203 and within the meaning of he NJWHL.

5. Upon information and belief, Diverse has gross annual revenue in excess of $500,000.00 per year.

6. Diverse is an enterprise within the meaning of the FLSA and NJWHL.

7. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

8. In or around May 8, 2017, plaintiffs entered into a contractual relationship with Diverse through an entity known as Grooving & Moving Trucking, LLC ("Grooving").

9. Despite their characterization as an independent contractor, Plaintiffs are employees of Diverse under the purposes of the statutes implicated herein.

10. Initially, there is a presumption that plaintiffs are employees under prevailing law.

11. In dishes of employment include, but are not limited to;

    a. whether Plaintiff's operate without the employer's control or direction over their job;

    b. whether the services performed by Plaintiff's are not part of the defendant's usual course of business;

    c. whether Plaintiff's have other customers or clients in addition to the defendant

  12.  Plaintiff's operated under defendant's control or direction over how they do their job.

  13.  For example, Plaintiff's answer to supervisors employed by Diverse.

  14.  In addition, Plaintiff's daily delivery routes are created by Diverse.

  15.  The services performed by Plaintiff's are a part of Diverse's usual course of business.

  16.  Upon information and belief, Diverse contracts with several major retailers to provide shipment of goods.

  17.  These retailers included, but are not limited to, Mattress Firm and Wayfair.

  18.  The services performed by plaintiff's, mainly the delivery of items purchased through Wayfair is part of Diverse's usual course of business.

  19.  Plaintiff's do not have any other customers or clients in addition to Diverse.

  20.  Additionally, Diverse controls Plaintiff's bonus structure.

  21.  For Example, there is a bonus structure wherein Plaintiffs are compensated based upon customer surveys after deliveries.

  22.  If at the end of any given month, plaintiffs average survey score is over 4.9, Plaintiff's would receive $5.00 for each delivery performed in that month.

23. In or around the summer of 2019, Diverse unilaterally changed this bonus structure to require a 4.95 rating to receive the bonus.

24. Plaintiff's are also required to request days off through Diverse.

25. Plaintiff's frequently work in excess of 40 hours per week.

26. Despite this, Defendants failed to pay overtime for all worked by Plaintiff's in excess of 40 per week due to their improper independent contractor designation.

27. Defendant's refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

28. Plaintiff hereby repeats and realleges paragraphs 1 through 27, as though fully set forth herein.

29. Plaintiff's, during the course of their employment, regularly work more than 40 hours in a work week.

30. Defendant's failed to pay plaintiff's overtime compensation at one- and one-half times the regular hourly rate for hours worked in excess of 40 hours in a work week due to their improper designation as an independent contractor.

31. Defendant's, by the above facts, have violated 29 U.S.C. Sec. 2017.

32. Plaintiff's have suffered monetary damages as a result of Defendant's acts.

WHEREFORE, Plaintiff's respectfully request that the court enter a judgment;

    a. Declaring that the acts and practices complained of herein are in violation of the FLSA;

b. Declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255 (a);

c. In joining and restraining permanently the violations alleged herein pursuant to 29 U.S.C. Sec. 217;

d. Directing Defendants to make plaintiff's whole for all unpaid overtime wages due and as a consequence of Defendant's violation of the FLSA together with interest thereon from the date(s) such wages were due but unpaid;

e. Directing Defendant's to pay plaintiff's an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216 (b);

f. Awarding Plaintiff's, the cost of this action together with reasonable attorney's fees, as provided in 29 U.S.C. Sec. 216 (b);

g. And granting such other relief as this court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

33. Plaintiff hereby repeats and realleges paragraphs 1 through 32, as though fully set forth herein.

34. Plaintiffs, during the course of their employment, regularly worked more than 40 hours in a work week.

35. Defendant's failed to pay plaintiff's overtime compensation for hours worked in excess of 40 in a work week.

36. Defendant's, by the above acts, have violated the New Jersey Wage and Hour Law.

37. Plaintiff's have suffered monetary damages as a result of defendant's acts.

WHEREFORE, Plaintiff's request that this court enter a judgment;

  a. Declaring that the acts and practices complained of herein are in violation of the NJWHL;

  b. Directing Defendant's to make plaintiff's whole for all unpaid overtime wages due as a consequence of defendant's violation of the NJWHL, together with interest thereon from the date'(s) such wages were due but unpaid;

  c. Awarding Plaintiff's, the costs of this action together with reasonable attorney's fees;

  d. And granting such other and further relief as this court deems necessary and proper.

      **COSTELLO & MAINS, LLC**


      By: */s/ Kevin M. Costello*
Dated: 1/17/20      **Kevin M. Costello**

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

Dated: 1/17/20

By: */s/ Kevin M. Costello*
**Kevin M. Costello**

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

Dated: 1/17/20

By: */s/ Kevin M. Costello*
**Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

**By:** **/s/ Kevin M. Costello**
Dated: 1/17/20    **Kevin M. Costello**